UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT FRANCIS ICEBERG,

Plaintiff,

v.

FARR LAW GROUP PLLC,

Defendant.

CASE NO. C26-2176JLR

ORDER

Before the court is Plaintiff Scott Francis Iceberg's motion to remand. (Mot. (Dkt. # 6).[1]) Defendant Farr Law Group PLLC ("Farr") opposes the motion. (Resp. (Dkt. # 14).) Having reviewed the parties' submissions, the relevant portions of the record, and the governing law, the court DENIES Mr. Iceberg's motion to remand.

Mr. Iceberg commenced this action in King County Superior Court on June 1, 2026. (*See* Not. of Removal (Dkt. # 1) ¶ 1.) Farr removed the action to this court on

[1] Mr. Iceberg did not file a reply in support of his motion. (*See generally* Dkt.)

June 23, 2026, alleging federal question jurisdiction arising from Mr. Iceberg's claim for violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (*See id.* ¶ 2.) It attached to its notice of removal a copy of Mr. Iceberg's complaint, a certificate of service, and Mr. Iceberg's jury demand. (*See generally id.*)

Mr. Iceberg filed his motion to remand on July 5, 2026. (*See* Mot.) Mr. Iceberg asserts that Farr's removal of this action was procedurally defective because Farr "did not file all 'process, pleadings, and orders served upon'" it as required by the removal statute. (*Id.* at 1 (quoting 28 U.S.C. § 1446(a)).) Specifically, according to Mr. Iceberg, the notice of removal is defective because Farr did not file the summons and the discovery requests Mr. Iceberg served on Farr with his summons and complaint. (*Id.* at 2 (citing Not. of Removal).)

On July 21, 2026, Farr filed an amended notice of removal and its response to Mr. Iceberg's motion to remand. (*See* Am. Not. of Removal (Dkt. # 13); *see generally* Resp.) Attached to the amended notice of removal are copies of Mr. Iceberg's complaint, the certificate of service, the jury demand, the summons, and Mr. Iceberg's discovery requests. (*See generally* Am. Not. of Removal.) Farr argues that the court should deny Mr. Iceberg's motion to remand because procedural defects in removal are curable. (*See generally* Resp.)

The court agrees with Farr. The Ninth Circuit has made clear that failure to file the required state-court papers with a notice of removal is a curable *de minimis* procedural defect. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (citations omitted). Because Farr has now filed the summons with its

amended notice of removal, it has cured that defect.[2] Therefore, the court DENIES Mr. Iceberg's motion to remand.

Dated this 10th day of August, 2026.

JAMES L. ROBART
United States District Judge

[2] The court also agrees with Farr that it was not required to file Mr. Iceberg's discovery requests with its notice of removal. (*See* Resp. at 3-4.) A removing defendant must provide "a copy of all process, pleadings, and orders served." 28 U.S.C. § 1446(a). Discovery requests do not fit in to any of these categories of documents. *See, e.g.*, *Visicorp v. Software Arts*, 575 F. Supp. 1528, 1531 (N.D. Cal. 1983) (holding that discovery "simply does not constitute process, pleadings, or orders" under § 1446(a)), *abrogated on other grounds by Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988).